# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1152V

|  |  |
|---|---|
| JANE C. SCHAEFER,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 17, 2025 |

*Stephen M. Bernat, McCaslin Imbus & McCaslin, West Chester, OH,* for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 25, 2023, Jane C. Schaefer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome resulting from an influenza vaccine received on October 22, 2022. Petition at 1. On September 23, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 31.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $14,893.83 (representing $12,705.00 in fees plus $2,188.83 in costs). Motion for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Attorneys' Fees and Costs ("Motion") filed September 30, 2024, ECF No. 34. Furthermore, counsel for represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 34 -1 at 2.

Respondent reacted to the motion on October 4, 2024, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 36. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the rate of $350 per hour for all time billed by attorney Stephen M. Bernat in 2023-24. Motion at 4. Mr. Bernat has been a licensed attorney since 1998, giving him over 25 years' experience as an attorney while working on this case. I find the requested rate to be reasonable, and award it here in.

## ATTORNEY COSTS

Petitioner is requesting $2,188.83 in attorney costs. ECF No. 34-1 at 10 - 11. The supporting documentation, however, only supports a total of $1,969.34 in costs.[3] Respondent offered no specific objection to the rates or amounts sought. I will only award those requested costs that have been substantiated - resulting in a reduction of the amount to be awarded of $219.49.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $14,674.34 (representing $12,705.00 for attorneys' fees and $1,969.34 for attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Several of the invoices submitted do not match the amounts listed on the requested list of costs. For example "03/27/23 Ciox Medical records, amount $189.67" invoice shows amount of $187.54 and "06/09/23 Ciox Medical records, amount $383.63", invoice submitted reflects amount of $281.62. ECF No. 34-1 at 10. Additionally, several costs requests did not have supporting documentation including "02/27/24, Walgreen Company records $44.86" and "03/11/24 Ciox Health Medical Records, $83.17". ECF No. 34-1 at 10 – 11.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.